IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

EVAN MATHEW THOMASON                    *

     Plaintiff,                            *

        v.                               * CIVIL ACTION NO. 3:05-CV-1027-F
                                       (WO)

BLAKE JENNINGS, *et al*.,                *

     Defendants.                           *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

After committing a minor rule violation, Plaintiff, an inmate at the Tallapoosa County Jail, complains that Defendants placed him in a lockdown cell housing both state and county inmates. Plaintiff contends that his placement in the lockdown cell occurred in the absence of due process. He further alleges that occasionally 20-30 inmates may be housed in the lockdown cell for periods of time ranging from 10 to 72 hours. Jail Administrator Blake Jennings and the Tallapoosa County Jail are the named defendants. Upon review of the complaint, as amended, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

Plaintiff is currently serving a one year sentence in the Tallapoosa County Jail  for failing  to pay court costs imposed against him in 1997.  He complains that he was placed in a lockdown cell, also known as the "hole," for committing a minor rule violation without first being afforded a hearing.  Plaintiff further contends that both state and county inmates are housed together in the hole and that as many as 20-30 inmates may be housed there at one time for periods ranging  from 10 to 72 hours.  (Docs. No. 1, 6.)

*A.  The Due Process Claim*

Plaintiff complains that Defendants placed him in the hole  for violating a minor jail infraction without first affording him a hearing.  In order to state a claim for denial of due process under the Fourteenth Amendment, Plaintiff must allege that a constitutionally protected life, liberty, or property interest was at stake.  The Constitution itself does not give prisoners an interest in being classified to a particular area within a penal facility.  *Cf. Meachum v. Fano*, 427 U. S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution.").  While a state can create a constitutionally protected liberty interest, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on

2

the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin,* 515 U.S. at 485. The placement of an inmate in a lockdown cell, "though concededly punitive, does not represent a dramatic departure from the basic conditions" of the sentence imposed upon Plaintiff. *Id.* Because Plaintiff's allegations fail to assert a deprivation of any constitutionally protected liberty interest, he has no entitlement to due process in connection therewith.

### B. The Eighth Amendment Claim,

Plaintiff asserts a violation of the Eighth Amendment arising from his placement in cells which house both state and county inmates. Plaintiff further contends that between 20 to 30 inmates may be house in a small lockdown cell for periods ranging anywhere from 10 to 72 hours.

The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id*. At 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991). Neither the housing of state and county inmates together nor the brief assignment to an overcrowded cell, without more, asserts sufficiently grave deprivations

denying Plaintiff the minimal civilized measure of life's necessities.  Because Plaintiff's

Eighth Amendment claims fail to implicate a violation of any constitutional right to which

he is entitled, they are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v.*

*Williams*, 490 U.S. 319, 327 (1989).


*C.  The Standing Claim*

In his complaint, as amended, Plaintiff contends that other inmates incarcerated at the

Tallapoosa County Jail are subjected to unconstitutional conditions of confinement.  Plaintiff

is entitled to no relief on these claims as he lacks standing to assert the constitutional rights

of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v.*

*Wright*, 468 U.S. 737, 751 (1984).

A plaintiff must assert legally cognizable injury in fact, whether real or threatened,

before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*,

418 U.S. 208, 218-19 (1974).  Standing involves two aspects.  The first is the minimum "case

or controversy" requirement of Article III.  This requirement mandates that Plaintiff himself

suffer actual or threatened injury resulting from the action challenged and that such injury

is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

In addition, the Supreme Court has established several requirements based on prudential

considerations. *See Saladin*, *supra*. The prudential limitation applicable in this case is that

a litigant may not assert the legal rights or interests of another person. *Allen v. Wright*, 468

U.S. 737, 751 (1984).

4

With regard to the alleged constitutional violations suffered by other inmates at the county jail, Plaintiff is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of third parties." *Saladin*, 812 F.2d at 690.  Thus, it is clear that such claims allege "infringement of a legal interest which clearly does not exist" and are, therefore, subject to dismissal as  frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I). *Neitzke*, 490 U.S. at 327.


*D.  The Tallapoosa County Jail*

Plaintiff names the Tallapoosa County Jail as a Defendant.  The Tallapoosa County Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Consequently, Plaintiff's claims against the county jail are subject to dismissal.  *Id.*


## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint, as amended, be DISMISSED with prejudice prior to service of process pursuant to the provisions of  28 U.S.C. § 1915(e)(2)(B)(I).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 5, 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous,

conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of November 2005.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE